UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE WENDE, | Civil No. 10cv205-L(BLM) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| COUNTRYWIDE HOME LOANS, INC., *et al.*, | |
| Defendants. | |

In this mortgage foreclosure action Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing , LP and Bank of America, N.A.[1] (collectively "Moving Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition. For the reasons which follow, the motion is **GRANTED WITH LEAVE TO AMEND.**

/ / / / /

---

[1] The motion was filed by "Bank of America, N.A. (erroneously sued as 'Countrywide Bank, N.A.')." Bank of America, N.A. ("Bank of America") is not a named party and therefore cannot file documents in this case. Civ. Loc. Rule 5.1(h) ("Except as provided in the federal rules, or by leave of court, no document will be filed in any case by any person not a party thereto."). The motion was accepted for filing because it was also filed in behalf of two named Defendants. If Bank of America intends to file papers in this case, it must comply with Federal Rules of Civil Procedure 25(c) or any other applicable Federal Rule of Civil Procedure providing for joinder or substitution of parties.

According to the operative first amended complaint ("Compl."), Plaintiff owns a property located at 528 Bayona Loop in Chula Vista, California ("Property"). On May 10, 2006 Plaintiff refinanced the Property with Defendant Countrywide Home Loans, Inc. ("Countrywide"), by signing a note and deed of trust. On June 19, 2006 Plaintiff borrowed more funds from Defendant Countrywide Bank, N.A. ("Bank"), by signing another note and deed and trust. Both loans were secured by the Property. Subsequently, Plaintiff fell behind on his payments and attempted unsuccessfully to modify the loans. Some of the Defendants commenced foreclosure proceedings against the Property.

On October 29, 2009 Plaintiff filed a complaint in State court to resist the foreclosure proceedings. Defendants removed the action to this court based on federal question jurisdiction under 28 U.S.C. Section 1331.

Plaintiff subsequently filed the operative first amended complaint. ("Compl.") He claims that the terms of the two loans were not as promised, that he did not receive proper disclosures, that the loans were improperly serviced, and that Defendants engaged in loan modification proceedings in bad faith. He asserted causes of action for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, California Civil Code Section 1632, California Business and Professions Code § 17200 *et seq.*, negligent misrepresentation, fraud, rescission, quasi contract, determination of validity of lien, conspiracy and aiding and abetting. He requested damages and rescission among other remedies.

The Moving Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

The Moving Defendants argue that the first cause of action for RESPA violations should be dismissed because it is alleged with insufficient particularity. Plaintiff alleged that on July 22, 2009 he sent a qualified written request pursuant to 12 U.S.C. Section 2605 to Bank of America Home Loans and that Defendants "failed to adequately respond" to it. (Compl. at 9-10.)

Plaintiff did not allege sufficient facts in support of his RESPA claim to meet the notice pleading requirements of Rule 8(a) of Federal Rules of Civil Procedure. Although Rule 8 does not require that the complaint include all facts necessary to carry the plaintiff's burden, it must allege plausible grounds to infer the existence of a claim for relief. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009). This calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to prove that claim. *Id.*

The first amended complaint falls short of this requirement. Section 2605(e), which imposes a duty to respond to certain borrower inquiries, applies to loan servicers. 12 U.S.C. § 2605(e). Plaintiff did not allege that Bank of America Home Loans was a loan servicer on either one of the two loans. Moreover, Plaintiff did not name Bank of America Home Loans as a defendant. Furthermore, the duty applies only to certain types of borrower requests which comply with the requirements of section 2605(e)(1)(B). Plaintiff did not allege any facts which could support an inference that his letter was a qualified written request under RESPA, and does not even state whether the request referred to his first or second loan. Last, Plaintiff did not allege what he requested Bank of America Home Loans to do or provide, what response he

received, or in which respect the response failed to comply with section 2605(e)(2). The conclusory allegation that Defendants "failed to adequately respond" is insufficient to allege a RESPA violation.

In the first cause of action Plaintiff also alleged that "[Countrywide, Bank], their predecessors and other Defendants were required to give Plaintiff notice of transfer" as required by section 2605(d) and that he was improperly imposed a late fee within 60 days of transfer in violation of section 2605(d). (Compl. at 10.) Plaintiff did not include, however, any allegation to indicate that he did not receive the requisite notice.

Based on the foregoing, Plaintiff did not allege sufficient facts to state a claim for violation of 12 U.S.C. Sections 2605(d) or (e). The Moving Defendants' motion to dismiss the first cause of action for RESPA violations is **GRANTED**.

Next, the Moving Defendants contend that the second cause of action for TILA violations is time barred. Plaintiff asserted this claim based on alleged failures to provide him with disclosures and a notice of right to cancel. (Compl. at 10-11; *see also id.* at 20.) He requested damages and rescission.

The statute of limitations for damage claims under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction . . . ." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Both loans were consummated more than three years prior to Plaintiff's filing of the initial complaint. (*See* Compl. at 3.) Accordingly, the statute of limitations for damages expired long before the filing. Although Plaintiff correctly notes that the statute of limitations may be subject to equitable tolling, *see King*, 784 F.2d at 915, he did not allege any facts in support of tolling in this case. (*See* Compl. at 10-11.)

"A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The untimeliness must appear beyond doubt on the face of the complaint before

a claim will be dismissed as time-barred.  *See Supermail Cargo*, 68 F.3d at 1206-07.

Because the expiration of the statute of limitations appears on the face of the complaint and because Plaintiff did not allege any facts in support of equitable tolling, his TILA claim for damages is dismissed as time-barred.

The Moving Defendants also argue that Plaintiff cannot state a claim for rescission under TILA.  A borrower's right to rescind expires after three-years.  15 U.S.C. § 1635(f).  The three-year period commences with the "consummation of the transaction."  *Id*.  When it expires, the right to rescind is completely extinguished and the court lacks jurisdiction over the claim.  *Miguel v. Country Fuding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).  Because Plaintiff filed this action more than three years after he entered into the loan transactions, he no longer has the right to seek rescission under TILA**.**

Based on the foregoing, Plaintiff's TILA claim is time-barred.  The Moving Defendants' motion to dismiss the second cause of action is therefore **GRANTED**.

The Moving Defendants also maintain that Plaintiff's third cause of action for FDCPA violations should be dismissed because they are not debt collectors.  Plaintiff alleged that Defendants violated the FDCPA when they entered into loan modification negotiations with him, although they knew that he could not comply with the terms, and when they instructed him to stop making mortgage payments in order to be eligible for loan modification, only to later use the lack of payments in furtherance of their foreclosure efforts.  (Compl. at 11-12.)

The FDCPA applies to debt collectors.  *See* 15 U.S.C. § 1692; *see also id.* §§ 1692e & 1692f.  A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id*. § 1692a(6).  Excluded from the definition are creditors and their employees who collect debts on behalf of the creditor.  *Id*. § 1692a(6)(a).  Included in the definition is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  *Id*. § 1692a(6).  Plaintiff did not allege any facts to support an inference that any

Defendant was a debt collector as defined in the FDCPA, including that any Defendant acted in a way which would lead Plaintiff to believe that it was a third party collecting a debt for a creditor. Accordingly, the Moving Defendants' motion to dismiss the third cause of action for FDCPA violations is **GRANTED**.

Based on the foregoing, the Moving Defendants' motion is granted with respect to all the federal claims alleged in the first amended complaint. Having dismissed these claims, the court must next consider whether Plaintiff should be granted leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. Because it appears that Plaintiff may potentially be able to amend the federal claims, the first, second and third causes of action are **DISMISSED WITH LEAVE TO AMEND**.

Because all federal claims are dismissed and none remain in this action, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). They are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Should Plaintiff choose to file a second amended complaint, he may re-allege his state law claims.

Finally, the court notes that Plaintiff repeatedly fails to comply with the legibility requirements set forth in the local rules. Civ. Loc. Rule 5.1(a). Counsel is advised that any further failure to comply with the Local Rules, Electronic Case Filing Administrative Policies and Procedures Manual, or order of the court may lead to sanctions pursuant to Civil Local Rule 83.1 or Federal Rule of Civil Procedure 41(b).

Accordingly, it is hereby **ORDERED** as follows:

1. The Moving Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

2. No later than **April 4, 2011** Plaintiff must file and serve either an amended complaint in compliance with this order, or a notice of election not to file an amended complaint. Failure to comply with this order will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendants' response to the amended complaint, if any, must be filed and served within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.

DATED: March 21, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL