UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE WENDE,<br><br>              Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., *et al.*,<br><br>              Defendants. | Civil No. 10-cv-205-L(BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [DOC. 27], AND**<br><br>**(2) REMANDING REMAINING CLAIMS TO STATE COURT FOR ALL FURTHER PROCEEDINGS** |

      On October 29, 2009, Plaintiff Jose Wende commenced this mortgage-foreclosure action against Defendants Countrywide Home Loans, Inc., Countrywide Bank, N.A., Countrywide Brokerage Arm, and BAC Home Loans Servicing, LP ("BAC Home Loans") in the San Diego Superior Court. Thereafter, Defendants removed the action to this Court. On April 1, 2011, Plaintiff filed a Second Amended Complaint ("SAC"). Defendants now move to dismiss the SAC. Plaintiff opposes.

      The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 35.) For the following reasons, the Court **GRANTS** Defendant's motion to dismiss as to all of Plaintiff's federal claims, and **REMANDS** the remaining state-law claims to the San Diego Superior Court for all further proceedings.

## I. BACKGROUND

Plaintiff owns real property located at 528 Bayona Loop in Chula Vista, California ("Property"). (SAC ¶ 1 [Doc. 26].) On May 10, 2006, Plaintiff refinanced the Property and obtained a loan with Countrywide Home Loans by signing a note and deed of trust. (*Id.* ¶ 17.) On June 19, 2006, Plaintiff borrowed more funds from Countrywide Bank, signing another note and deed of trust. (*Id.* ¶ 17.) Both loans were secured by the Property. (*Id.* ¶ 18.) Subsequently, Plaintiff fell behind on his payments and was unsuccessful in his attempt to modify the loans. (*Id.* ¶ 70–74.) Eventually, the loans were transferred to BAC Home Loans, and it commenced foreclosure proceedings against the Property. (*Id.* ¶ 124.)

On October 29, 2009, Plaintiff filed a complaint in the San Diego Superior Court to resist the foreclosure proceedings. On January 27, 2010, Defendants removed the action to this Court based on federal-question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal [Doc. 1].)

Plaintiff subsequently filed his First Amended Complaint ("FAC"), asserting the following thirteen causes of action: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the Truth-in-Lending Act ("TILA"); (3) violation of the Fair Debt Collection Practice Act ("FDCPA"); (4) violation of the Rosenthal Fair Debt Collection Practices Act; (5) violation of California Civil Code § 1632 *et seq.*; (6) violation of the Business and Professions Code § 17200; (7) negligent misrepresentation; (8) fraud; (9) rescission; (10) quasi contract; (11) determination of validity of lien; (12) conspiracy; and (13) aiding and abetting. (Doc. 17.) Plaintiff requested damages, rescission, and other remedies.

On April 29, 2010, Defendants moved to dismiss the FAC. This Court granted the motion with leave to amend. Thereafter, Plaintiff filed the SAC with the same thirteen causes of action. Defendants now move to dismiss the SAC. (Doc. 27.) Plaintiff opposes.[1] (Doc. 51.)

---

[1] When Plaintiff initially filed his opposition to this motion, it was stricken twice from the docket due to his failure to follow the Court's orders. (Docs. 29, 34.) Plaintiff did not file a corrected opposition before Defendants filed their reply, but rather sought reconsideration after the Court granted Defendants' effectively unopposed motion to dismiss. Upon further consideration, the Court reinstated the motion to dismiss and ordered Defendants to re-file his opposition "*exactly* as it was filed on June 10, 2011." However, Plaintiff, once again, failed to comply with the Court's order. (*See* Pl.'s Opp'n 1:8–9 ("Information has been deleted in order to comply with the larger font requirement.").)

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, — , 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

(9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**III.    DISCUSSION**

    **A.    Plaintiff's TILA Claims Are Time Barred.**

"TILA protects consumers from fraud, deception, and abuse within the residential secured lending marketplace by mandating that lenders disclose certain information to borrowers." *McOmie-Gray v. Bank of Am. Homes Loans*, — F.3d — , 2012 WL 390167, at *2 (9th Cir. 2012). Under TILA, damage claims are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), and rescission claims are subject to a three-year statute of limitations, 15 U.S.C. § 1635(f). The statute of limitations begins to run at the time the loan documents were signed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred . . . at the time the loan documents were signed.").

The doctrine of equitable tolling may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling "applies in situations . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1061 (C.D. Cal. 2008) (quoting *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2008)). A court may only grant a motion to dismiss based on the running of the statute-of-limitations period "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

Here, Plaintiff indicates that he consummated his loans in May and June 2006. (SAC ¶

17.) However, he did not commence this action until October 2009, more than three years later. Thus, unless Plaintiff is entitled to equitable tolling, his TILA claims are time barred.

In his opposition, Plaintiff contends that equitable tolling applies because he is a native Spanish speaker, but the loan documents were provided in English, which made it "more difficult for Plaintiff to discover the TILA violations in English documents." (Pl.'s Opp'n 9:21–24.) However, in the SAC, Plaintiff alleges that he "negotiated the terms of the LOANS in Spanish; however the LOAN terms were provided to Plaintiff in English, and Plaintiff was unaware that the terms verbally explained to Plaintiff were different than the terms in the LOAN documents." (SAC ¶ 54(a).) There are no allegations that the negotiation taking place in Spanish was a barrier to Plaintiff in any way to discover any alleged TILA violations. Moreover, no facts pled by Plaintiff indicates that he exercised his own due diligence or that Defendants concealed any information that prevented discovery of this claim during the statutory period. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."). Therefore, the allegations in the SAC do not justify applying the doctrine of equitable tolling.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's TILA claims.

### B.     Plaintiff's RESPA Claim Is Not Sufficiently Pled.

"RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related mortgage loan." *Morris v. Bank of America*, No. C 09-02849, 2011 WL 250325, at *4 (N.D. Cal. Jan. 26, 2011) (citing 12 U.S.C. § 2605(b)). Under RESPA, a Qualified Written Response ("QWR") is "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2603(i)(3). Among other things, a QWR must

include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B)(ii).

Here, Plaintiff alleges that his QWR satisfies the statutory requirements provided by RESPA because it: (1) "was in writing and not a notice on a payment coupon"; (2) "referenced the name and address of Plaintiff, along with both loan numbers"; (3) "requested information with sufficient detail related to the servicing of the loan"; and (4) "referenced a dispute." (SAC ¶ 44.) Plaintiff also adds that he made *at least* twenty-six broad requests for information related to his loan. (SAC ¶ 46.) In their motion, Defendants challenge the legitimacy of the QWR, arguing that Plaintiff fails to allege the basis for his belief that the account was in error in the QWR and that the requests made do not pertain to the servicing of his loan. (Defs.' Mot. 8:3–5.) Defendants are correct.

The SAC does not contain any allegations regarding Plaintiff's beliefs that the account is in error. Consequently, it appears that Plaintiff sought "other information" related to servicing his loans. However, nearly all of Plaintiff's requests from the alleged QWR are unrelated to the servicing of the loan, and Plaintiff does not direct the Court to any specific allegations to conclude otherwise. Rather, the alleged QWR appears to contain largely requests relating to the original loan transaction and its subsequent history. For example, the requested information includes, among many others, "loan origination date," "total amount borrowed," "all estimated and final settlement statements," "whether a deficiency would be sought after a foreclosure," "if any debt is considered an acquisition debt," and "intentions as to adverse actions and credit reporting." (SAC ¶ 46.) Plaintiff effectively demands anything that relates to his loan from its inception through July 2009, and in some requests, beyond. Such requests lack sufficient detail under RESPA and do not fall within its confines. *See, e.g., Junod v. Dream House Mortg. Co.*, No. CV 11-7035, 2012 WL 94355, at *4 (C.D. Cal. Jan. 5, 2012) (dismissing RESPA claim because plaintiff's alleged QWR requests did not relate to loan servicing and because the requests fell outside the scope of RESPA); *Derusseau v. Bank of Am., N.A.*, No. 11 CV 1766, 2011 WL 5975821, at *4 (S.D. Cal. Nov. 29, 2011) (Anello, J.) (finding that a QWR that

requests "anything" related to the loan is not covered by § 2605).

Moreover, § 2605 only requires loan servicers to respond to a proper QWR by correcting the account discrepancy, explaining why the account is correct, or if the information is unavailable, by providing contact information for someone who can assist the borrower with her inquiry. *Junod*, 2012 WL 94355, at *4 (citing 12 U.S.C. §§ 2605(e)(2)(A)–(C)). BAC Home Loans does not have an obligation to provide Plaintiff with the extraordinary amount of information that he requested. *See Derusseau*, 2011 WL 5975821, at *4. Therefore, even if Plaintiff's alleged QWR request was otherwise a proper QWR, his request exceeds the scope of information Defendants were required to provide in response. *Junod*, 2012 WL 94355, at *4.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's RESPA claim.

### C. BAC Home Loans Is Not a Debt Collector under FDCPA.

"The [FDCPA] prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To be liable for an FDCPA violation, a defendant must, as a threshold matter, be a "debt collector" within the meaning of those acts. *Id.* at 294.

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* § 1692a(6). The FDCPA does not, however, cover "the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *see also* 15 U.S.C. § 1692a(4) (defining "creditor"). Consequently, a loan servicer is not a debt collector if it acquired the loan before the borrower was in default. *See Schlegel v. Wells Fargo Bank, N.A.*,

799 F. Supp. 2d 1100, 1103-04 (N.D. Cal. 2011).

Here, Defendants argue that BAC Home Loans is not a debt collector as defined in the FDCPA, and that any debt-collection efforts by Defendants were made to collect on the debt that Plaintiff owed to Defendants. (Defs.' Mot. 11:7–9, 12:2–5.) Plaintiff responds by directing the Court to allegations that show that he negotiated a loan modification with BAC Home Loans, but that it was a ruse in order to collect on the outstanding debt. (Pl.'s Opp'n 11:22–12:2.) Despite whatever belief Plaintiff has regarding BAC Home Loans' intent during the loan-modification negotiations, the alleged facts show that BAC Home Loans is a loan servicer that negotiated a loan modification. In fact, though Plaintiff does not explicitly allege that BAC Home Loans is the owner of the debt, he alleges later in the SAC that the loans were transferred to BAC Home Loans (SAC ¶ 124), which would suggest it is indeed the owner of the debt, likely making BAC Home Loans a creditor or assignee of the debt. *See Nool*, 653 F. Supp. 2d at 1053. Thus, the allegations in the complaint do not show that BAC Home Loans is a debt collector. Plaintiff simply fails to allege facts that lead to a reasonable inference that BAC Home Loans is anything other than a loan servicer. *See Iqbal*, 129 S. Ct. at 1949.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's FDCPA claim.

### D.  Plaintiff's Remaining State-Law Claims

Under 28 U.S.C. § 1367(c)(3), federal district courts have discretion to decline to exercise supplemental jurisdiction over state-law claims when the court has dismissed all claims over which it has original jurisdiction. This Court has dismissed with prejudice Plaintiff's TILA, RESPA, and FDCPA claims, all of the claims over which it has original jurisdiction. Consequently, the Court declines to exercise jurisdiction over the remaining state-law claims, and remands the remainder of this action to state court.

//
//
//
//

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss, and **DISMISSES WITH PREJUDICE** Plaintiff's TILA, RESPA, and FDCPA claims. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."). (Doc. 27.) The Court **REMANDS** the remaining state-law claims to the San Diego Superior Court for all further proceedings. The Clerk of the Court shall mail a certified copy of this order to state court.

**IT IS SO ORDERED**.

DATED: February 27, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL